- 1 -

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Michael DeYoung, an individual,<br><br>Plaintiff,<br><br>v.<br><br>Unofficial Networks, LLC, a New York Limited Liability Company; and Does 1-10,<br><br>Defendants. | Case No.: 1:24-cv-7911<br><br>**PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT:**<br><br>1. COPYRIGHT INFRINGEMENT (17 U.S.C. § 101, *et seq.*); and<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Michael DeYoung hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338(a)-(b).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) because this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff Michael DeYoung is an individual residing in New Mexico.

5. Upon information and belief, Defendant Unofficial Networks LLC is a New York limited liability company with a principle place of business located at 8 Sidney Place, Apt #2, Brooklyn, NY 11201. Unofficial Networks owns, operates, and controls the commercial website unofficialnetworks.com and its related/affiliated subdomains, mobile websites, social media pages, and applications (altogether, "Defendants' Website").

6. Upon information and belief, Defendants Does 1-10 are other parties not yet identified who have infringed Plaintiff's copyrights. The true names, whether corporate, individual, or otherwise, of Defendants Does 1-10 are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when the same have been ascertained.

7. Upon information and belief, at all relevant times, each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining

Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship, and/or employment; and actively participated in, subsequently ratified, and/or adopted each of the acts or conduct alleged, with full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO THE SUBJECT PHOTOGRAPH

8. DeYoung is an award-winning adventure, lifestyle, and landscape photographer. His primary business and income source for over 30 years has been actively licensing his photographs

9. DeYoung created and owns the original photograph at issue in this matter titled "MD150909TNM_TS020" (the "Subject Photograph").

**Subject Photograph**



10. DeYoung owns the copyright in the Subject Photograph, and registered sane with the United States Copyright Office.

11. DeYoung holds a copyright registration certificate issue by the United States Copyright Office for the Subject Photograph.

12. Prior to the acts complained of herein, DeYoung widely publicly displayed and disseminated the Subject Photograph including online and by making the Subject Photograph available for licensure.

13. On information and belief, DeYoung alleges that Defendants, and each of them, exploited the Subject Photograph for commercial purposes including, without limitation, by reproducing and publicly displaying the Subject Photograph on Unofficial Networks' official, commercial website in order to attract users and generate revenues for its business ("Infringing Use"). A true and correct exemplar of the Infringing Use is depicted below:

| Infringing Use |
|---|
| URL: https://unofficialnetworks.com/2023/04/21/taos-opening-two-new-chairlifts/ |
|  |

14. At no point has DeYoung provided any authorization or consent to Unofficial Networks for its exploitation of the Subject Photograph.

15. To the extent Defendants exploited the Subject Photograph more than three years before the filing of this case, DeYoung did not know, and had no reason to know, of such exploitations.

16. DeYoung and his agency have repeatedly contact Unofficial Networks regarding its infringement of DeYoung copyright in the Subject Photograph, but they have not been able to reach a reasonable resolution to this matter.

## FIRST CLAIM FOR RELIEF

17. DeYoung incorporates by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

18. Upon information and belief, Defendants, and each of them, had access to the Subject Photograph, including through DeYoung's website, social media accounts, profiles, galleries, exhibitions, and/or authorized licensees; third-party websites or Internet search engines; and/or because the copies displayed on Defendants' Website are verbatim copies of, and thus strikingly similar to, the Subject Photograph.

19. Defendants, and each of them, copied, displayed, distributed, reproduced, and otherwise exploited the Subject Photograph for commercial purposes on Defendants' Website without DeYoung's authorization.

20. Due to Defendants' acts of copyright infringement, DeYoung has suffered damages in an amount to be established at trial.

21. Due to Defendants' acts of copyright infringement, Defendants, and each of them, have obtained profits they would not have realized but for their infringement. As such, DeYoung is entitled to disgorgement of Defendants' profits attributable to the infringement in an amount to be established at trial.

22.     Upon information and belief, Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of, or with reckless disregard or willful blindness for, DeYoung's rights in the Subject Photograph, such that said acts of copyright infringement were willful.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

(a) That Defendants, each of them, their respective agents, and/or anyone else working on behalf of or in concert with Defendants or their respective agents, be enjoined from further exploiting the Subject Photograph for commercial purposes in any manner without Plaintiff's authorization absent some independent legal right;

(b) That Plaintiff be awarded all Defendants' profits, and all Plaintiff's losses, attributable to Defendants' infringement, the exact sum to be proven at the time of trial; or alternatively, if elected, statutory damages as available under 17 U.S.C. § 504;

(c) That Plaintiff be awarded his attorneys' fees as available under 17 U.S.C. § 505;

(d) That Plaintiff be awarded pre-judgment interest as allowed by law;

(e) That Plaintiff be awarded the costs of this action; and

(f) That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

/ / /

/ / /

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: November 13, 2024                         Respectfully submitted,

New York, New York                             By:     /s/ *David Michael Stuart Jenkins*
                                                                David Michael Stuart Jenkins, Esq.
                                                                Scott Alan Burroughs, Esq.
                                                                DONIGER / BURROUGHS
                                                                247 Water Street, First Floor
                                                                New York, New York 10038
                                                                (310) 590-1820
                                                                djenkins@donigerlawfirm.com
                                                                scott@donigerlawfirm.com
                                                                *Attorneys for Plaintiff*